# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# NEWPORT NEWS DIVISION

| | |
|---|---|
| AECOM CONSTRUCTION, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CAROLINA CONCRETE & | ) Case No. 4:21-cv-00077 |
| CONSTRUCTION SERVICES, LLC | ) |
| | ) |
| Defendant | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff, AECOM Construction, Inc. ("AECOM" or "Plaintiff"), by counsel, and submits this Complaint for Breach of Contract and Contractual Indemnification against Defendant Carolina Concrete & Construction Services, LLC ("CCCS" or "Defendant"). AECOM hereby avers as follows:

### I.   THE PARTIES

1. Plaintiff AECOM Construction, Inc. is a Virginia corporation with its principal place of business at 3101 Wilson Boulevard, Suite 700, Arlington, Virginia 22201-4468.

2. Defendant Carolina Concrete & Construction Services, LLC is a North Carolina limited liability company with its principal place of business at 649 Hidden Valley Road, Wilmington, North Carolina 25409-3930.

## II.   JURISDICTION AND VENUE

3. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff is a Virginia corporation with its principal place of business in Virginia. Defendant is a North Carolina limited liability company with its principal place of business in North Carolina. Therefore, complete diversity of citizenship exists. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

4. Venue in the Eastern District of Virginia, Newport News Division, is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims asserted herein are based occurred in this District and Division, and the subject contract was executed in this District and Division.

## III.   GENERAL AVERMENTS

5. On or about January 31, 2019, AECOM entered into a contract with the United States Navy-NAVFAC Mid Atlantic (the "Prime Contract") to perform construction work on a federally owned and operated Naval Weapons Station in Yorktown, Virginia (the "Project").

6. On or about February 17, 2020, AECOM entered into Subcontract #20S25271AU38 with Defendant (the "Subcontract") to perform work on the Project. A copy of the Subcontract is attached hereto as <u>Exhibit A</u>.

7. Pursuant to Subcontract Exhibit C ("Scope of Work"), Defendant was to design, furnish, and install concrete forms, accessories and fasteners for the Project.

8. After Defendant's work on the Project began, AECOM and its payment bond surety began receiving numerous demands for payment from Defendant's suppliers and subcontractors on the Project.

9. Upon receipt of demands for payment from Defendant's suppliers and subcontractors, AECOM requested that Defendant comply with its indemnification and hold harmless obligations pursuant to Subcontract Article 8 ("Indemnification"), which efforts have been unsuccessful.

10. On April 9, 2021, counsel for AECOM sent to Defendant a Demand for Indemnification. The Demand sought amounts AECOM paid to Defendant's suppliers and subcontractors on the Project. A copy of the April 9, 2021 Demand is attached hereto as <u>Exhibit B</u>. The amounts demanded were as follows, in addition to the expenses AECOM incurred resolving Defendant's supplier and subcontractor claims:

| Guaranteed Supply Company | $118,603.00 |
| Mohawk Bridge & Iron, Co. | $43,544.20 |

| | |
|---|---|
| Florida Rock Industries, Inc. | $116,020.01 |
| Vulcan Materials Supply Company for Vulcan Construction Materials, LLC | $67,764.16 |
| **TOTAL** | **$345,931.37** |

11.     For each of the payments identified above, AECOM first attempted to have Defendant either accept a tender of defense under Article 8 of the Subcontract or indicate if there were any defenses to the supplier's or subcontractor's demands for payment. Defendant failed to provide any response.

12.     As a result of Defendant's failure to respond to AECOM's previous requests, AECOM has paid Defendant's suppliers and subcontractors in full.

## COUNT I
## (BREACH OF CONTRACT)

13.     AECOM realleges and incorporates by reference the allegations of Paragraphs 1 through 12 above.

14.     At all times relevant to this action, AECOM and Defendant were in a contractual relationship, governed by the terms of the Subcontract.

15.     AECOM has performed all of the conditions, covenants and promises required to be performed in accordance with the terms of the Subcontract.

16.     Pursuant to Article 13 ("Subcontractor's Failure to Perform; Termination for Default"), Section 13.1 of the Subcontract: "Subcontractor agrees that it materially breaches and is in default of the Subcontract if it: (i) fails promptly to pay for materials, supplies, labor or other items purchased or used in connection

with the Work . . . . [or] (viii) fails promptly to indemnify AECOM against any claims asserted as a result of Subcontractor's failure to pay its subcontractors or suppliers . . . ."

17. Pursuant to Article 8 ("Indemnification"), Section 8.1 of the Subcontract, Defendant had a duty to defend AECOM in accordance with the following terms:

> To the fullest extent permitted by law, [Defendant] shall indemnify, defend . . . protect and hold harmless AECOM . . . for, from and against any and all claims . . . demands, obligations, damages actions, causes of action, suits, losses, judgments, fines, penalties, liabilities costs and expenses (including, without limitation, attorneys' fees, disbursements and court costs, and all other professional, expert or consultants' fees and costs and AECOM's general and administrative expenses) of every kind and nature whatsoever, but only to the extent caused by the negligent and/or willful acts, errors and/or omissions of Subcontractor . . . .

18. As stated in Section 8.2 of the Subcontract: "The duty to defend hereunder is wholly independent of and separate from the duty to indemnify and such duty to defend exists regardless of any ultimate liability of [Defendant]."

19. Defendant breached the Subcontract for reasons including, but not limited to: (1) failing to promptly pay for materials, supplies, and labor used on the Project; and (2) not defending AECOM under the Subcontract, specifically, by failing to respond to demands for payment from Defendant's suppliers and subcontractors.

5

20. Defendant's breach of the duty to defend under the Subcontract, and its failure to promptly pay for materials, supplies and labor used on the Project are the proximate cause of the damages AECOM incurred.

21. As a result of Defendant's breaches of the Subcontract, AECOM has incurred damages in the amount of $345,931.37 paid to Defendant's suppliers and subcontractors, plus additional amounts for AECOM's general and administrative expenses associated with the payments made to Defendant's suppliers and subcontractors.

## COUNT II
## (CONTRACTUAL INDEMNIFICATION)

22. AECOM realleges and incorporates by reference the allegations of Paragraphs 1 through 21 above.

23. As stated more fully in Paragraph 17 above, pursuant to Article 8 ("Indemnification"), Section 8.1 of the Subcontract, Defendant had a duty to indemnify AECOM, "for, from and against any and all claims. . . ."

24. As stated in Section 8.3 of the Subcontract: "[Defendant's] liability for indemnification hereunder is in addition to any liability [Defendant] may have to AECOM for breach by [Defendant] of any of the provisions of the Subcontract."

25. Despite previous requests, including the Demand for Indemnification attached hereto as <u>Exhibit B</u>, Defendant has failed to indemnify AECOM for amounts paid to Defendant's suppliers and subcontractors on the Project.

26. As a result of Defendant's express contractual obligation to indemnify AECOM, AECOM is entitled to $345,931.37, plus AECOM's general and administrative expenses associated with the payments made by AECOM to Defendant's suppliers and subcontractors.

## PRAYER

WHEREFORE, Plaintiff prays as follows:

A. For a judgment in favor of AECOM Construction, Inc. against Defendant, Carolina Concrete & Construction Services, LLC, in the principal amount of $345,931.37, plus AECOM's general and administrative expenses associated with this action;

B. For pre- and post-judgment interest;

C. For reasonable attorney's fees and costs incurred herein in accordance with Article 8, Section 8.2 of the Parties' Subcontract;

D. For such other and further relief as this Court deems just and proper.

Dated: June 16, 2021.

                                      Respectfully submitted,

                                      /s/
                                    Michael M. Suga, Esq. (VSB No.75891)
                                    Lindy K. Stevens, Esq. (VSB No. 89600)
                                    VARELA LEE METZ & GUARINO LLP
                                    1600 Tysons Blvd., Suite 900
                                    Tysons Corner, Virginia 22102
                                    msuga@vlmglaw.com
                                    lstevens@vlmglaw.com

(703) 454-0170 (Telephone)
(703) 454-0169 (Facsimile)
*Counsel for Plaintiff AECOM Construction, Inc.*